No. 29,544.

Elizabeth Ross, *Appellee,* v. Frank O. Smith, Fred Blanken-hagen, Ed Blankenhagen and Louis Blankenhagen, *Appellants.*

(293 Pac. 474.)

Opinion filed December 6, 1930.

*Kenneth H. Foust, F. J. Oyler* and *G. R. Gard,* all of Iola, for the appellants.
*S. A. Gard, W. H. Anderson* and *G. M. Lamer,* all of Iola, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for reasonable compensation for the care of August Blankenhagen for five weeks during his last illness. The defendants are Fred, Ed and Louis Blankenhagen, sons of August Blankenhagen, and Frank O. Smith. The action was tried to the court, judgment was for plaintiff, and the three Blankenhagen sons have appealed. The legal question presented is whether there is substantial evidence to sustain the judgment of the court.

Briefly, the facts disclosed by the evidence are: August Blankenhagen was an old gentleman and was seriously ill. It appears he had little or no property, and his sons, who had families of their own, were of limited means. He was staying at the home of his son Ed, but the room and facilities for caring for him were inadequate. Ed's wife became ill and had to go to a hospital, which made it practically impossible for him to be cared for there. A neighbor, Frank O. Smith, and others interested themselves in the matter, found that the plaintiff had room and was a suitable person to care for him, and talked with the sons about taking the old gentleman there. Mr. Smith and John Derby went to see plaintiff to make the arrangements. With respect to compensation, Smith told plaintiff that the Blankenhagen boys would pay, but if they did not, he would see that she got the money. Later in the day Mr.

Smith and others took August Blankenhagen to plaintiff's home, where he was cared for until his death about five weeks later. He was bedfast when plaintiff received him and required constant care and attention. Each of the boys came to see him while he was there, and one of them sat up with him several nights. Their contention in this action is that they did not agree to pay the expense, or authorize Smith to do so. It would serve no useful purpose to state all the evidence pertaining to that matter. It is sufficient to say that there is substantial evidence to sustain the view that each of the boys, either expressly or impliedly, agreed to pay his share of the expense. (See 46 C. J. 1281.)

The moral obligation of sons to care for parents in sickness, such as disclosed by the evidence in this case, is so strong that but little is needed to convert that moral obligation into a legal one. (13 C. J. 365.)

The court rendered judgment in favor of the plaintiff against all the defendants, but further adjudged that if Smith paid the judgment he should have judgment over against the other defendants. There is nothing wrong with this judgment, and it is fairly sustained by substantial evidence in this case, and is therefore affirmed.